## No. 11,866.

BRYSON, ET AL. *v.* EQUITABLE OIL COMPANY.

Decided July 5, 1927.

Action to recover a balance alleged to be due on sale of collateral securities. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. PLEDGES—*Collateral Security—Sale.* Payee of a note held entitled to sell collaterals securing the payment thereof, at private sale without advertisement or notice, where the collateral agreement so expressly provided.

*Error to the District Court of Larimer County, Hon. Claude C. Coffin, Judge.*

· Messrs. Stow & Stover, Mr. H. A. Alpert, for plaintiffs in error.

Mr. Thomas J. Warren, for defendant in error.

*Department One.*

Mr. Justice Whitford delivered the opinion of the court.

The Equitable Oil Company brought this suit against the plaintiffs in error for money received by them from the sale of certain collateral securities in excess of the amount due upon the promissory note so secured.

Defendant Abbott advanced to plaintiff Company, through its general manager, Cook, $250, and received therefor the promissory note signed by Cook personally, for $300, due in ten days, with a collateral agreement incorporated in the note pledging a certificate of stock of the plaintiff Company for 200,000 shares issued to Cook, and two promissory notes of $500 each, payable to plaintiff company made by one Dillon. The collateral agreement provided: ''On the nonpayment of any liability or liabilities above mentioned, the said payee or assigns is hereby given full authority to sell, assign and deliver, or collect the whole or any part of the above named securities, or any substitute thereof, or any addition thereto, at any public or private sale at any time or times hereafter, without advertisement or notice, and upon such sale said payee or assigns, or the holder thereof, may become the purchaser of the whole or any part of such securities discharged from any right of redemption.''

The due date of the Cook note was extended to March 1, 1925. It was not paid. On July 3, 1925, Abbott sold the certificate for 200,000 shares and the two Dillon notes to defendant Bryson, without advertisement or notice, and received $300 from Bryson and credited it

upon the Cook note, and thereupon marked it paid and cancelled.

The plaintiff had judgment for $396.83 and for the return of the certificate of stock for 200,000 shares.

We think the judgment cannot be sustained.

Counsel for defendant in error says that the collateral agreement incorporated in the note is the crux of this case. We do not regard the collateral agreement as susceptible of two interpretations. There is an express stipulation in the contract authorizing a private sale of the securities, signed and executed by the general manager of the plaintiff company. The salient words of the contract, so far as regards this controversy, are: "On the nonpayment of any liability above mentioned * * * full authority to sell * * * the whole or any part * * * of the securities * * * at private sale at any time or times hereafter without advertisement or notice." We cannot by construction read these words out of the contract. The contract must stand as made by the parties themselves.

The judgment is reversed and remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.